OPINION
Michael L. Mustaine, Sr., appeals from a judgment of the Miamisburg Municipal Court, which found him guilty of violating a domestic violence protection order.
Robyn Mustaine, Mustaine's former wife, obtained a domestic violence protection order against Mustaine in March 1998. The order provided, in pertinent part:
 1. RESPONDENT IS ORDERED NOT TO ABUSE THE PETITIONER or any other family member by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, contacting, or forcing sexual relations upon them.
* * *
 5. RESPONDENT IS ORDERED NOT TO INITIATE ANY CONTACT, including, but not limited to, telephone, fax, e-mail, and voice mail contact, with the petitioner or any family or household member named in this Order and their residences, business, place of employment, schools, day care centers and babysitters.
The order named Robyn Mustaine and her son, Michael Mustaine, Jr., and it was to be in effect for five years.
In August 1999, Mustaine addressed an envelope to Ms. Mustaine at her former address, knowing that address to be incorrect, placed his return address on the envelope, and wrote "DO NOT SEND `Return with Forwording adress'" [sic] beneath the stamp. The envelope contained three blank pieces of paper. The envelope was then deposited with the U.S. Postal Service, whereupon it was delivered to Robyn Mustaine at her new address. The state subsequently filed a complaint against Mustaine for violating the protection order.
The trial court conducted a hearing on September 27, 1999, at which Robyn Mustaine was the only witness to testify. The trial court found Mustaine guilty and sentenced him to one hundred forty days in the Montgomery County Jail.
Mustaine raises one assignment of error on appeal.
 THE TRIAL COURT DENIED APPELLANT DUE PROCESS BY FINDING APPELLANT GUILTY WHEN THE STATE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT THE COURT'S VERDICT.
Mustaine contends that he did not act recklessly because he clearly did not intend for Ms. Mustaine to receive the envelope. He claims that he only wanted to obtain her current address. He asserts that he is not responsible for the fact that "some other unknown party did not follow [his] instructions and delivered the envelope to Robyn Mustaine." He also claims that sending blank paper to someone through the mail does not constitute "contact" pursuant to the domestic violence protection order.
R.C. 2919.27(A)(1) provides that no one shall recklessly violate the terms of a domestic violence protection order. One acts recklessly when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. As Mustaine points out, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbsv. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220,72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The evidence presented at trial was undisputed. Robyn Mustaine received an envelope through the U.S. Postal Service that had been addressed in Mustaine's handwriting and listed his return address. It is apparent from the other notations on the envelope that Mustaine did not want the Postal Service to deliver the envelope to the addressee but instead hoped that it would return the letter to him with her new address printed on it.
The question raised by this appeal is whether a rational trier of fact could have looked at this evidence and concluded that Mustaine had acted with perverse disregard of a known risk that his conduct would result in a violation of the protection order through contact with his ex-wife. We answer this question in the affirmative. The Postal Service is in the business of delivering mail. A rational trier of fact could have concluded that, when Mustaine deposited an envelope addressed to Ms. Mustaine with the Postal Service, it was foreseeable that the letter would reach her at that address or at another address to which she was having mail forwarded. The trier of fact could have reasonably concluded that Mustaine had acted with perverse disregard of this risk. A rational trier of fact could also have concluded that any expectation on Mustaine's part that the Postal Service would adhere to the special delivery instructions he had written on the envelope was not a reasonable one. Moreover, a rationale trier of fact could certainly have concluded that Robyn Mustaine's receipt of the envelope from Mustaine constituted contact with her, notwithstanding the fact that the papers inside the envelope were blank.
Because there was sufficient evidence to support Mustaine's conviction, his assignment of error is overruled.
 ____________________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concur.